IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRIA BORSODY,

    Plaintiff,

    v().

FRONTIER HERITAGE COMMUNITIES,

    Defendant.

Case No. 25-2168-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se and in forma pauperis, brings this employment-discrimination action against her former employer, Frontier Heritage Communities. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Insufficient Service of Process (Doc. 8). The motion is fully briefed, and the Court is prepared to rule. For the reasons described below, the Court denies Defendant's motion to dismiss without prejudice and grants Plaintiff a permissive extension of time to file either a waiver of service or a notice of the correct recipient and address to be used by the Clerk of Court and United States Marshals Service ("USMS") when issuing summons and executing service.

**I.**    **Legal Standards**

"When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the burden shifts to the plaintiff to make a prima facie showing that [s]he served process properly."[1] In ruling on a Rule 12(b)(5) motion to dismiss, the "court may consider any

---

[1] *Schwab v. Kansas*, No. 16-4033, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016).

'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor."[2]

Because Plaintiff proceeds pro se, the Court must construe her filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[3] However, Plaintiff's pro se status does not excuse her from complying with federal and local rules.[4]

**II.   Background**

The following facts are taken from the Complaint and summons documents on file in this case, as well as the attachments to the parties' briefs.

Plaintiff filed this lawsuit on March 31, 2025, naming Frontier Heritage Communities as the Defendant and asserting claims for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").[5] Plaintiff included an attachment to the Complaint that reads: "Summons to: Justin Dean" at the Jackson Lewis law firm's address in Overland Park, Kansas.  Below the law firm's address she wrote, "Defendant Frontier Heritage Communities."[6]

On April 1, 2025, the court granted Plaintiff's Motion to Proceed in Forma Pauperis, which included a directive that "the Clerk shall issue a summons for the defendant, and service of the summonses and copies of the complaint shall be effected by the United States Marshal or a

---

[2] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[5] Doc. 1.

[6] Doc. 1-2.

Deputy United States Marshal, both of whom are appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).[7]

On April 18, 2025, Justin Dean, counsel for Defendant, received the summons and Complaint by certified mail at his law firm's Overland Park address.  Mr. Dean is not an officer, partner, or managing or general agent, registered agent, or any other agent authorized by appointment or required by law to receive service of process on behalf of the Defendant.

On April 22, 2025, Mr. Dean emailed Plaintiff and advised her that service of the lawsuit on him as an attorney for Defendant was not proper service under Fed. R. Civ. P. 4 and, as a courtesy, offered to waive service under Rule 4(d) if Plaintiff wished to go that route. Recognizing that Plaintiff proceeds pro se, Mr. Dean also offered, as a courtesy, to forego some of the formalities of Rule 4(d), provided Plaintiff with a copy of the waiver form needed, and advised her to sign and file it.

On April 23, 2025, a "Summons Returned Executed" document was filed on the docket, attaching the Process Receipt and Return form used by the USMS.[8]  According to the return receipt, the USMS sent the summons and Complaint to Defendant, "c/o Justin Dean," as the attachment to the Complaint directed.  The return shows that it was received by Mr. Dean.

Plaintiff and Mr. Dean continued to discuss service by email.  Plaintiff initially agreed to sign and file the waiver of service prepared by Mr. Dean.  But on April 24, she expressed confusion because she had received the notice that had been filed the day before stating that the summons was returned "executed."  The parties went back and forth about whether service had been accomplished correctly, with Plaintiff insisting that the USMS had properly served

---

[7] Doc. 5 at 2.

[8] Doc. 6.

Defendant based on the "Summons Returned Executed" entry, and Defendant maintaining that service on Defendant's attorney was insufficient under Rule 4. Having reached an impasse, Defendant filed the instant motion to dismiss based on insufficient service of process.

### III.     Discussion

Defendant moves to dismiss for insufficient service. Plaintiff responds by insisting that the "Summons Returned Executed" document on the docket that includes the USMS's return receipt to Mr. Dean is proof that she correctly served Defendant.

####     A.     Sufficiency of Process

Defendant is a corporation. Under Rule 4(h):

> Unless federal law provides otherwise *or the defendant's waiver has been filed*, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>>
>> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).[9]

Under Fed. R. Civ. P. 4(e)(1), an individual within the United States may be served process by: "following state law for serving a summons in an action brought in courts of general jurisdiction

---

[9] Fed. R. Civ. P. 4(h) (emphasis added).

4

in the state where the district court is located or where service is made." Under Kansas law, service upon a corporation may be made by:

> (1) Serving an officer, manager, partner or a resident, managing or general agent;
>
> (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or
>
> (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
>
> Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business.[10]

Mr. Dean is not a person authorized to receive service on behalf of Defendant because he is not an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Thus, Plaintiff's direction to the USMS in her attachment to the Complaint to send summons to Mr. Dean at his law firm's address was an incorrect directive for service of process. "Service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service."[11]

Plaintiff has been granted leave to proceed in forma pauperis; therefore, under 28 U.S.C. § 1915(d), "officers of the court shall issue and serve all process," and under Fed. R. Civ. P. 4(c)(3), she is entitled to have the summons and complaint served by the USMS. However, while Plaintiff's is entitled to rely on the Clerk of Court and the USMS to effect proper service of process on her behalf, "the Marshals Service is not responsible for lack of service where a

---

[10] K.S.A. § 60-304(e).

[11] *Bell v. Bd. of Educ., Basehor-Linwood Unified Sch. Dist. No. 458*, 645 F. Supp. 3d 1177, 1181 (D. Kan. 2022).

plaintiff does not provide correct information required for service."[12]  Plaintiff explicitly directed the Clerk to issue summons to an incorrect recipient.  It was not the USMS's responsibility to correct her mistake.

### B. Extension of Time for Service

Having determined that Defendant was insufficiently served, the Court next turns to whether dismissal is appropriate.  Before dismissing a claim for failure to serve process, the Tenth Circuit requires that the district court inquire whether the plaintiff has demonstrated good cause for her failure to timely effect service.[13]  If the plaintiff shows good cause, she is entitled to a mandatory extension of time to effect proper service.[14]  But even in the absence of good cause, the court may, in its discretion, still grant a permissive extension of time.[15]  Relevant factors for the court to consider when deciding whether to grant a permissive extension include whether the plaintiff is proceeding pro se, whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, the length of the delay, and whether the applicable statute of limitations would bar a re-filed action.[16]  "Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant."[17]

---

[12] *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (collecting cases).

[13] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[14] *Id.*

[15] *Id.*

[16] *See, e.g.*, *Moore v. Teamsters Local 41*, No. 14-2122, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015).

[17] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008); *see also Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.*, No. 12-2773-CM-DJW, 2013 WL 1502020, at *2−3 (D. Kan. Apr. 10, 2013) (finding it preferable to allow plaintiff additional time to effect proper service where dismissal would not be most efficient use of court resources).

Here, Plaintiff fails to show good cause for her failure to timely serve Defendant. She asserts that service must have been sufficient because the summons return was filed showing it was "executed." But the summons return does not show that it was served *correctly* under Rule 4; that filing merely shows that it was executed at the address Plaintiff provided to the Court. The Court notes that had Plaintiff simply executed and filed the waiver of service form that Defendant's counsel graciously prepared for her, her failure to properly identify the recipient for service would have been harmless.

Plaintiff also claims that Mr. Dean instructed her to serve Defendant by serving counsel. She quotes from an email exchange she had with Defendant's counsel on January 7, 2025, where she asked Mr. Dean for "the address of the attorney for Michaels and a full name. So, I know where to send the complaint once I receive my right to sue letter."[18] He provided her with his name and "contact information."[19] This does not demonstrate that Mr. Dean instructed her to serve him with the summons and Complaint in this case. "Michaels" is not a party to this lawsuit. Mr. Dean explains in the reply that he also represents another party, the Michaels Organization, in connection with a separate charge of discrimination Plaintiff filed. Clearly, Mr. Dean's email about this unrelated party has no bearing on this case against a different defendant. Accordingly, Plaintiff has failed to show good cause for her failure to serve Frontier Heritage Communities within 90 days.

Despite Plaintiff's failure to show good cause, the Court finds that all of the relevant factors weigh in favor of allowing a permissive extension of time for her to properly serve

---

[18] Doc. 10 at 1.

[19] Plaintiff embeds this email language within her response brief, but she did not file the actual email document as an attachment, so the Court cannot confirm its accuracy. The language she provides does not include the specific contact information Mr. Dean provided to her.

7

Defendant.  Plaintiff is pro se; Defendant has actual notice of the lawsuit based on the emails attached to Defendant's motion; the danger of prejudice to Defendant is low; there has not been a lengthy delay; and Plaintiff may face a statute-of-limitations issue in this Title VII and ADA case if the case is dismissed and she is required to refile.[20]  Because the Court finds that the insufficient service here is curable, the Court quashes the original service issued by the USMS to Mr. Dean and directs the Clerk to reissue summons if Plaintiff files a notice of the correct recipient and address within 21 days from this Order.  Alternatively, Plaintiff may file a waiver of service as set forth in Rule 4(d) within 21 days.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Plaintiff's Complaint for Insufficient Service of Process (Doc. 8) is **denied without prejudice**.  Plaintiff is granted an extension of time to complete service on Defendant.  Within **21 days** from the date of this Order, Plaintiff **shall file either a notice** providing the recipient and address for service on Defendant **or a waiver of service form** in compliance with Rule 4(d). If Plaintiff opts to file a notice, the Clerk shall issue summons for Defendant at the address provided therein, and service of the summons and Complaint shall be effected by a United States Marshal or Deputy Marshal pursuant to Fed. R. Civ. P. 4(c)(3).  Plaintiff shall have **sixty (60) days** from the date of this Order to effect proper service if she opts to file a notice.  If Plaintiff fails to file either a notice or waiver required by this Order within 21 days, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: June 18, 2025

---

[20] *See* 42 U.S.C. § 2000e-5(f)(1) (requiring Title VII plaintiff to file a civil action within 90 days of receiving a right to sue letter); *id.* § 12117(a) (same for ADA plaintiff).

Removed

_S/ Julie A. Robinson_
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE