IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRIA BORSODY,

    Plaintiff,

v().

FRONTIER HERITAGE COMMUNITIES,

    Defendant.

Case No. 25-2168-JAR-ADM

## ORDER

Pro se plaintiff Andria Borsody brings this employment-discrimination action against Frontier Heritage Communities ("Frontier"). The case is before the court on Frontier's motion to stay discovery and the setting of case-management deadlines pending the court's ruling on its motion to dismiss (ECF 22). (ECF 28.) Borsody opposes the motion to stay. (ECF 31.)[1] For the reasons discussed below, the court grants the motion to stay.

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023). Whether to grant a

---

[1] To the extent Borsody's response to the motion to stay asks the court to take affirmative action—such as to enter default or sanctions against Frontier—Borsody must seek such relief via a separate motion.

1

stay of discovery is committed to the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, the court finds good cause to grant the motion to stay. Frontier's motion to dismiss asserts that Borsody did not exhaust her administrative remedies, as is necessary to bring this lawsuit, because she did not file a charge of discrimination or obtain a right to sue letter from the EEOC as to Frontier.[2] The court is not necessarily persuaded that the case is *likely* to be concluded via Frontier's motion, but it certainly appears that the motion raises an important threshold legal issue based on facts that appear to be largely uncontroverted. Discovery is not necessary to resolve the motion to dismiss, which has been fully briefed. Under the circumstances, moving forward with discovery on all issues Borsody raises in her complaint could prove wasteful and burdensome. Thus, the court believes that a short stay until the district judge decides the motion to dismiss will facilitate the just, speedy, and inexpensive determination of this action. *See* FED. R. CIV. P. 1.

**IT IS THEREFORE ORDERED** that Frontier's motion to stay discovery and the setting of case-management deadlines (ECF 28) is granted. Discovery, including the requirements of preparing a report of parties' planning meeting and exchanging Rule 26 initial disclosures, is stayed pending the court's ruling on the motion to dismiss.

**IT IS FURTHER ORDERED** that the October 23, 2025 scheduling conference is cancelled. Should any of Borsody's claims survive the motion to dismiss, the parties are directed to meet and confer and submit a proposed scheduling order via email to the undersigned's

---

[2] Frontier notes that Borsody's charge of discrimination (and the EEOC right to sue letter) were against a different entity, The Michaels Organization, as Borsody's employer. Borsody's response to the motion to dismiss states that the two entities fall under the same corporate umbrella and that there is a "substantial identity" between the two that prevents dismissal. (ECF 24.)

2

chambers within 14 days of the district judge's ruling on the motion. The court will then reset the scheduling conference.

**IT IS SO ORDERED.**

Dated October 2, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge