## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

ANDRIA BORSODY,

  Plaintiff,

   v.                                                                 Case No. 25-2168-JAR-ADM

FRONTIER HERITAGE COMMUNITIES,

  Defendant.

## MEMORANDUM AND ORDER

  Plaintiff, proceeding pro se and in forma pauperis, brings this action against Defendant Frontier Heritage Communities ("Frontier"), alleging discrimination, retaliation, and failure to accommodate under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").  Before the Court are Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 22) and Plaintiff's Motion for Entry of Default and for Sanctions (Doc. 34). The motions are fully briefed, and the Court is prepared to rule.  As stated below, the Court grants Defendant's motion to dismiss and denies Plaintiff's motion for entry of default and for sanctions.

## I. Motion to Dismiss

### A. Standard

  Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[1] and include "enough facts to state a claim to relief that is plausible on its

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

face."[2]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[3]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4]  The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]  The Court will view all well-pleaded factual allegations in the light most favorable to the plaintiff.[6]

Because Plaintiff proceeds pro se, the Court must construe her filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7]  However, Plaintiff's pro se status does not excuse her from complying with federal and local rules.[8]

### B.    Background

Prior to filing this lawsuit, Plaintiff dually filed a Charge of Discrimination against "The Michaels Organization and its Representatives, whose address is 800 W. Warehouse Rd., Ft. Leavenworth, KS 66027" with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC").[9]  The charge was assigned No. 28D-2024-00803.  It alleged discrimination and retaliation on the basis of sex and disability.  The EEOC issued a right-to-sue letter for this charge to Plaintiff on January 8, 2025.  On March 31, 2025,

---

[2] *Id.* at 570.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[9] Doc. 23-1.

within 90 days of receipt, Plaintiff filed the Complaint in this case against Frontier alleging claims of discrimination, retaliation, and failure to accommodate under Title VII and the ADA.

In the Complaint, Plaintiff alleges that she filed a charge of discrimination with the Kansas State Division of Human Rights and the EEOC in "July 2024."[10]  She attached to her Complaint the right-to-sue letter.[11]  Defendant attached to its motion to dismiss the administrative charge.[12]  The Court considers both documents on this motion to dismiss.  The Court can consider the right-to-sue letter under Rule 10(c) because Plaintiff attached it to her Complaint.  The Court can consider the administrative charge because Plaintiff references it in her Complaint, it is central to the claims in the case, and Plaintiff does not challenge the authenticity of the document.[13]

### C.    Discussion

To exhaust administrative remedies, a plaintiff must file a charge of discrimination with either the EEOC or an authorized state agency and receive a right-to-sue letter based on that charge.[14]  The Court must liberally construe the administrative charge to determine whether a particular claim has been exhausted.[15]  The inquiry "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."[16]  Naming a party in the EEOC charge "is a fundamental

---

[10] Doc. 1 ¶¶ 4–5.

[11] Doc. 1-1.

[12] Doc. 23-1.

[13] *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005) ("[A] document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute.").

[14] *See* 42 U.S.C. § 2000e(5)(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

[15] *Jones v. United Postal Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[16] *Delsa Brooke Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020) (quoting *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018)).

aspect of the administrative process because a party cannot participate in conciliation without notice."[17]  Although failure to exhaust is an affirmative defense,[18] the court can decide a motion to dismiss for failure to exhaust when "the grounds for the defense appear on the face of the complaint."[19]

Frontier moves to dismiss for failure to exhaust because Plaintiff's administrative charge was filed against "the Michaels Organization and its Representatives" ("Michaels") instead of Frontier.  Plaintiff responds that these entities are related; that she was "employed at a property managed by Frontier Heritage Communities, and her supervisors and HR contacts operated under branding and authority of The Michaels Organization."[20]  She states that they are under the same "corporate umbrella," thus, Frontier had notice of the administrative charge.  Frontier denies that it had notice of the charge, and claims there is no support for Plaintiff's claim that the entities are substantially identical.

Frontier is correct that, in general, each defendant must be specifically named in the administrative charge.[21]  Under Tenth Circuit law, a defendant not named in the administrative charge must be dismissed if it does not meet the substantial-identity test, which requires the Court to consider the following four factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the

---

[17] *Lohf v. Runyon*, 999 F. Supp. 1430, 1442 (D. Kan. 1998), *aff'd,* 176 F.3d 488 (10th Cir. 1999).

[18] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

[19] *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[20] Doc. 24 at 1.

[21] *Romero v. Union Pac. R.R.*, 615 F.2d 1303 (10th Cir. 1980).

> unnamed party in the EEOC proceedings; (3) whether its absence
> from the EEOC proceedings resulted in actual prejudice to the
> interests of the unnamed party; and (4) whether the unnamed party
> has in some way represented to the complainant that its
> relationship with the complainant is to be through the named
> party.[22]

The Cout has liberally construed the administrative charge in this case and assumed as true the allegations in the Complaint in considering the four factors stated above. First, Plaintiff does not explain why she could not have discovered Frontier's role through reasonable diligence when she filed the charge. She claims in the response brief that Frontier managed the employer's property but that she reported to human resources through Michaels. Yet, she does not name Michaels as a defendant in this matter. Plaintiff wholly fails to explain when and how she determined that Frontier and not Michaels was the proper Defendant before filing the instant action. The Court finds that this factor weighs in favor of Frontier.

Second, the Court cannot conclude on this record that Frontier's interests are so similar as Michaels' that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include Frontier in the EEOC proceedings. Plaintiff makes the conclusory assertion in her response that the parties are part of the same "corporate umbrella" but provides no allegations about this in the Complaint. Thus, this factor also weighs in favor of Frontier.

Third, Plaintiff argues that Frontier's absence from the charge did not cause it actual prejudice. But this too is a conclusory assertion. Frontier maintains that it was not on notice of the charge. Indeed, Plaintiff did not mention Frontier anywhere in her administrative charge. The fact that Frontier was unable to participate in voluntary conciliation during the administrative process and did not receive prior notice of the lawsuit against it through the

---

[22] *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1272 (D. Kan. 2011) (citing *Romero*, 615 F.2d at 1311–12).

EEOC charge constitutes actual prejudice. This factor weighs in favor of Frontier.

Fourth, there is nothing in the Complaint that would allow the Court to infer that Michaels in some way represented to Plaintiff that its relationship with Plaintiff is to be through Frontier, or vice versa. This final factor weighs in favor of Frontier.

For all of these reasons, the Court finds that Plaintiff failed to administratively exhaust her claims against Frontier.[23] Plaintiff asserts that equitable tolling applies because she relied on EEOC guidance in "naming the entity she understood to be her employer."[24] To be sure, the affirmative defense of failure to timely file an EEOC charge is subject to equitable tolling.[25] Plaintiff bears the burden of demonstrating equitable tolling.[26] It can apply when the facts "'rise to the level of active deception,' such as when 'a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts.'"[27] There are no facts to support active deception by the EEOC that would give rise to equitable tolling. Certainly, the EEOC's right-to-sue letter does not demonstrate active deception, i.e., that the EEOC lulled Plaintiff into believing she need not exhaust as to Frontier.

In the response, Plaintiff requests leave to amend. While the Court recognizes the general rule that pro se parties should be allowed leave to amend, it may appropriately dismiss a claim without allowing an amendment "where it is obvious that the plaintiff cannot prevail on

---

[23] Even assuming that Plaintiff as a layperson could not discern the correct corporate Defendant to name at the time she filed the charge, the other three factors weigh against her and would still convince the Court that these two entities are not substantially identical.

[24] Doc. 24 at 2.

[25] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1183 (10th Cir. 2018). To be clear, Frontier did not challenge the timeliness of Plaintiff's exhaustion, only its scope.

[26] *Dumas v. Proctor & Gamble Mfg. Co.*, 453 F. App'x 819, 821 (10th Cir. 2011).

[27] *Id.* at 820 (quoting *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)).

the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[28]  "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[29]  Plaintiff's failure to exhaust is not a technical error.  It's an affirmative defense.  The Court finds that leave to amend in this case would be futile because Plaintiff's deficiencies with failure to exhaust as to the correct defendant are not curable.  And Plaintiff provides no indication of how she could plead facts that would avoid the exhaustion defense.  In sum, the Court grants Defendant's motion to dismiss and dismisses this case without prejudice for failure to exhaust administrative remedies.

## II.     Motion for Default and for Sanctions

Plaintiff moves for default and for sanctions because Frontier has not filed an answer to the Complaint.  She repeatedly asserts that Frontier's assertion of a procedural defense is somehow wrongful.  She is mistaken.

When a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, default should be entered against the party.[30]  A defendant must serve an answer within 21 days after being served with the summons and complaint or within 60 days if the defendant waives service.[31]  However, this deadline is altered if the defendant files a motion under Rule 12(b)(6),[32] because such a motion "must be made before pleading if a responsive pleading is allowed."[33]

---

[28] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alteration in original) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)).

[29] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

[30] Fed. R. Civ. P. 55(a).

[31] Fed. R. Civ. P. 12(a)(1).

[32] Fed. R. Civ. P. 12(a)(4).

[33] Fed. R. Civ. P. 12(b).

In this case, the correct summons was issued on June 23, 2025, and was returned executed on Frontier on July 7, 2025.[34]  Frontier sought and obtained a Clerk's Order Extending Time to Answer or Otherwise Plead, which extended its answer deadline from July 28, 2025, to August 11, 2025.[35]  On August 11, Frontier filed its motion to dismiss under Rule 12(b)(6), which altered its answer deadline.  It was not required to file an answer until 14 days after the Court denied its motion to dismiss.  And because the Court has now granted that motion to dismiss, Frontier need not answer at all.  Thus, Plaintiff's motion for default and for sanctions must be denied.

## III.    Admonition to Plaintiff

Plaintiff proceeds pro se in this matter, but she is subject to the same rules as attorneys who appear before this Court.[36]  Given that Plaintiff's response contains a citation to a case that does not exist,[37] the Court is concerned that she relied on generative artificial intelligence in drafting her response brief.  Plaintiff is cautioned against using artificial intelligence for drafting legal documents or citing cases without confirming their accuracy.  Plaintiff is further directed to review Fed. R. Civ. P. 11, which applies to both attorneys and unrepresented parties.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Entry of Default and for Sanctions (Doc. 34) is **denied.**

---

[34] Doc. 18.

[35] Doc. 19.

[36] *See* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[37] Doc. 24 at 2 (citing *Alford v. City of Canon City*, 2019 WL 13202842, at *3 (D. Colo. Mar. 29, 2019)). Neither the Court nor defense counsel could locate this citation.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 22) is **granted**.  Plaintiff's Complaint is hereby dismissed in its entirety without prejudice.  The Clerk is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

Dated: November 4, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE