**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANDRIA BORSODY,**

**Plaintiff,**

**v.**

**FRONTIER HERITAGE COMMUNITIES, LLC,**

**Defendant.**

**Case No. 25-2168-JAR-ADM**

**MEMORANDUM AND ORDER**

Plaintiff Andria Borsody, proceeding pro se and in forma pauperis, filed this action on March 31, 2025 against Defendant Frontier Heritage Communities, alleging discrimination, retaliation, and failure to accommodate under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). On November 14, 2025, the Court granted Defendant's motion to dismiss without prejudice for failure to exhaust administrative remedies, and denied Plaintiff's motion for entry of default and for sanctions.[1] Plaintiff appealed, and the Tenth Circuit Court of Appeals affirmed this Court's judgment.[2] Now before the Court is Plaintiff's Ultimate Long-Form Master Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b) and 60(d) (Doc. 47). The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court denies Plaintiff's motion.

## I. Motion for Relief from Judgment

Plaintiff argues that she is entitled to relief under Rule 60(b) because: (1) the Court manifestly erred in denying her motion for default judgment based on Plaintiff's failure to serve

[1] Doc. 39.

[2] Doc. 46.

the correct party; (2) the Court erred by failing to find that Defendant's answer was due on June 23, 2025; (3) Defendant's motion to dismiss was an unauthorized filing; (4) Plaintiff mislabeling her employer on her administrative charge should not have defeated her right to proceed on her claims; and (5) Defendant committed a fraud on the Court by intentionally misleading it about receiving notice of Plaintiff's lawsuit.

Rule 60(b) provides that the Court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[3]

This rule does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4] And relief under this rule "is extraordinary and may only be granted in exceptional circumstances."[5] Because Plaintiff proceeds pro se, the Court must construe her filings liberally and hold them to a less stringent

---

[3] Fed. R. Civ. P. 60(b).

[4] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[5] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of the Paraclete*, 204 F.3d at 1009).

standard than formal pleadings drafted by attorneys.[6] However, Plaintiff's pro se status does not excuse her from complying with federal and local rules.[7]

Plaintiff fails to establish she is entitled to relief under Rule 60(b). Her motion either rehashes arguments she previously made, which this Court and the Tenth Circuit already rejected, or raises issues that could have been raised earlier. And for largely the same reasons set forth in Defendant's response, Plaintiff's claims also lack merit. The Court previously addressed the service, default, and exhaustion issues Plaintiff cites in her motion. For the same reasons already explained, and affirmed by the Tenth Cicuit, the Court denies post-judgment relief on those issues.

Plaintiff raises a new argument that Defendant's motion to dismiss was an "unauthorized ghost filing" because defense counsel had not entered a general appearance in the case under D. Kan. Rule 5.1(c). This argument has no merit. First, Plaintiff fails to explain how this new argument was not available to her at the time she responded to Defendant's motion to dismiss.[8] Second, defense counsel clearly entered his appearance as required by Rule 5.1(c)(2) by "signing the initial . . . motion . . . filed in the case."[9]

Finally, Plaintiff baldly asserts that Defendant committed fraud on the Court by denying it received notice of service in April 2025. The Court addressed this issue in a June 18, 2025

---

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[8] *See Bird v. Pacheco*, 809 F. App'x 512, 514–15 (10th Cir. 2020) ("Rule 60(b) motions 'are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments[ ] or supporting facts [that] were available at the time of the original motion.'" (alterations in original) (quoting *Servants of the Paraclete*, 204 F.3d at 1012)).

[9] D. Kan. Rule 5.1(c)(2); *see* Docs. 7–9.

Memorandum and Order.[10] As the Court acknowledged in that Order, Justin Dean, counsel for Defendant, received the summons and Complaint on April 18, 2025. But because Mr. Dean is not an officer, partner, or managing or general agent, registered agent, or any other agent authorized by appointment or required by law to receive service of process on behalf of the Defendant, he emailed Plaintiff and advised her that service of the lawsuit on him as an attorney for Defendant was not proper service under Fed. R. Civ. P. 4. As a courtesy, Mr. Dean offered to waive service under Rule 4(d) if Plaintiff wished. Recognizing that Plaintiff proceeded pro se, Mr. Dean also offered, as a courtesy, to forego some of the formalities of Rule 4(d), provided Plaintiff with a copy of the waiver form needed, and advised her to sign and file it. Plaintiff rebuffed Mr. Deans's offer, asserting that a Process Receipt and Return form filed by the United States Marshal's Service sufficed to prove service. This prompted Mr. Dean to file a motion to dismiss for insufficient service of process under Rule 12(b)(5).

In its June 18, 2025 Order, the Court agreed that Defendant was insufficiently served and granted Plaintiff an extension of time for service. Defendant's motions to dismiss in this case were not premised on fraud. The motion advanced meritorious arguments that were grounded in the law. In ruling on that motion, the Court considered and rejected Plaintiff's arguments that Defendant was properly served in April 2025. Thus, Plaintiff's request for post-judgment relief on this basis is denied.

For all of these reasons, Plaintiff's motion for relief under Rule 60(b) is denied.[11]

**B. Motion to Strike**

---

[10] Doc. 13.

[11] Although Plaintiff also cites Rule 60(d) in the title of her motion, she does not explain how it applies to any of her arguments. That subsection simply provides that courts have other sources of authority to grant relief other than the specific grounds provided under subsections (a) and (b). *See* Fed. R. Civ. P. 60(d). It does not apply here.

Plaintiff also moves to strike the Court's admonishment in its November 4, 2025 Order regarding her citation to a nonexistent case, *Alford v. City of Canton City*. Although the Court did not sanction Plaintiff, it stated that it was concerned she utilized generative artificial intelligence ("GenAI") to prepare her filing in this case without confirming the accuracy of the legal citations and warned her that she was subject to Fed. R. Civ. P. 11 despite her pro se status.[12] On appeal, the Tenth Circuit confirmed that *Alford* "is not a real case," but did not otherwise consider the Court's admonishment.[13] Plaintiff now moves to strike the Court's admonition. Within her motion, she provides an index of exhibits that includes list of search results that purportedly includes *Alford*.[14] But she did not attach the exhibits to her motion. In the reply, Plaintiff abandons her claim that *Alford* exists, and instead argues that the Court committed error by admonishing her for suspected use of GenAI without providing her an opportunity to address the nonexistent citation.

Plaintiff's motion to strike is denied.[15] As Defendant points out, Plaintiff still has not provided a copy of *Alford*. The Court's informal admonishment did not impact this Court's decision on the merits, or the Tenth Circuit's decision on the merits.[16] The Court was not

---

[12] Doc. 39 at 8.

[13] Doc. 48-1 at 5 n.3.

[14] Doc. 47 at 5.

[15] For the first time in the reply, Plaintiff argues that the Court's failure to provide her an opportunity to explain the nonexistent citation is a basis for relief under Rule 60(b)(6). The Court declines to consider arguments raised for the first time in reply. But even if it did, the Court would deny the motion. Rule 60(b)(6) applies "only in extraordinary circumstances and only when necessary to accomplish justice." *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)). Such extraordinary circumstances have been found to apply where "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Id.* at 687–88 (quoting *Cashner*, 98 F.3d at 579). Plaintiff's point of error is not based on events that occurred after judgment was entered. Nor does Plaintiff point the Court to any authority that it was required to provide her with an opportunity to respond to an admonishment that had no bearing on the Court's ruling.

[16] Plaintiff asserts that this Court's admonishment caused the Tenth Circuit not to apply a liberal construction standard to her pro se filings on appeal. She is mistaken. *See* Doc. 48-1 at 9–11 (setting forth standard of review, including that it would liberally construe Plaintiff's pro se filings).

required to provide Plaintiff with an opportunity to explain her incorrect citation before it warned her that she was bound by Fed. R. Civ. P. 11, a proposition that she does not dispute.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Ultimate Long-Form Master Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b) and 60(d) (Doc. 47) is **denied**.

**IT IS SO ORDERED.**

Dated: November 9, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE